UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **RYAN TAVARES** ) | |
| Plaintiff ) | |
| ) | Civil Action |
| V. ) | |
| ) | No. |
| **NORDIC, INC. & JOHN DOE** ) | |
| Defendants ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1. The Plaintiff, Ryan Tavares, is a resident of North Dartmouth, Massachusetts.

2. The Defendant, Nordic, Inc., is a foreign corporation duly organized and existing under the laws of the Commonwealth of Massachusetts.

3. On or about October 31, 2017, the Defendant, Nordic, Inc., was doing business within the Commonwealth of Massachusetts.

4. On or about October 31, 2017, the Plaintiff, Ryan Tavares, was employed by the Defendant, Nordic, Inc.

5. On or about October 31, 2017, the Plaintiff, Ryan Tavares, was employed by the Defendant, Nordic, Inc., as a seaman and a member of the crew of the F/V JUSTICE.

6. On or about October 31, 2017, the Defendant, Nordic, Inc., owned the F/V JUSTICE.

7. The Defendant, Nordic, Inc., chartered the F/V JUSTICE from some other person

or entity such that on or about October 31, 2017, the Defendant, Nordic, Inc., was the owner pro hac vice of the F/V JUSTICE.

8. On or about October 31, 2017, the Defendant, Nordic, Inc., operated the F/V JUSTICE.

9. On or about October 31, 2017, the Defendant, Nordic, Inc., or the Defendant's agents, servants and/or employees, controlled the F/V JUSTICE.

10. The Defendant, John Doe, is a person or legal entity.

11. On or about October 31, 2017, the Defendant, John Doe, was doing business within the Commonwealth of Massachusetts.

12. On or about October 31, 2017, the Plaintiff, Ryan Tavares, was employed by the Defendant, John Doe.

13. On or about October 31, 2017, the Plaintiff, Ryan Tavares, was employed by the Defendant, John Doe, as a seaman and a member of the crew of the F/V JUSTICE.

14. On or about October 31, 2017, the Defendant, John Doe, owned the F/V JUSTICE.

15. The Defendant, John Doe, chartered the F/V JUSTICE from some other person or entity such that on or about October 31, 2017, the Defendant, John Doe, was the owner pro hac vice of the F/V JUSTICE.

16. On or about October 31, 2017, the Defendant, John Doe, operated the F/V JUSTICE.

17. On or about October 31, 2017, the Defendant, John Doe, or the Defendant's agents, servants and/or employees, controlled the F/V JUSTICE.

18. On or about October 31, 2017, the F/V JUSTICE was in navigable waters.

19. On or about October 31, 2017, while in the in the performance of his duties in the service of the F/V JUSTICE, the Plaintiff, Ryan Tavares, sustained personal injuries.

20. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Ryan Tavares, was exercising due care.

## Jurisdiction

21. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 et. seq. (formerly §688 et. seq.).

22. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and alternatively 28 U.S.C. § 1333.

## COUNT I

### RYAN TAVARES V. NORDIC, INC.
### (JONES ACT NEGLIGENCE)

23. The Plaintiff, Ryan Tavares, reiterates the allegations set forth in paragraphs 1-9, 18-22 above.

24. The personal injuries sustained by the Plaintiff, Ryan Tavares, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

25. As a result of said injuries, the Plaintiff, Ryan Tavares, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

26. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

**WHEREFORE**, the Plaintiff, Ryan Tavares, demands judgment against the Defendant, Nordic, Inc., in an amount to be determined by a jury together with interest and costs.

## COUNT II

### RYAN TAVARES V. NORDIC, INC.
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

27. The Plaintiff, Ryan Tavares, reiterates the allegations set forth in paragraphs 1-9, 18-22 above.

28. The personal injuries sustained by the Plaintiff, Ryan Tavares, were due to no fault of his, but were caused by the unseaworthiness of the F/V JUSTICE.

29. As a result of said injuries, the Plaintiff, Ryan Tavares, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

30. This cause of action is brought under the General Maritime Law for unseaworthiness and is for the same cause of action as Count II.

**WHEREFORE**, the Plaintiff, Ryan Tavares, demands judgment against the Defendant, Nordic, Inc., in an amount to be determined by a jury together with interest and costs.

## COUNT III

### RYAN TAVARES V. NORDIC, INC.
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

31. The Plaintiff, Ryan Tavares, reiterates all of the allegations set forth in paragraphs 1-9, 18-22 above.

32. As a result of the personal injuries described in paragraph 19 above, the Plaintiff, Ryan Tavares, has incurred and will continue to incur expenses for his maintenance and cure.

**WHEREFORE**, the Plaintiff, Ryan Tavares, demands judgment against the Defendant, Nordic, Inc., in an amount to be determined by a jury for maintenance and cure, together with costs and interest.

## COUNT IV

## RYAN TAVARES V. JOHN DOE
### (JONES ACT NEGLIGENCE)

33. The Plaintiff, Ryan Tavares, reiterates the allegations set forth in paragraphs 1, 10-22 above.

34. The personal injuries sustained by the Plaintiff, Ryan Tavares, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

35. As a result of said injuries, the Plaintiff, Ryan Tavares, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

36. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

**WHEREFORE**, the Plaintiff, Ryan Tavares, demands judgment against the Defendant, John Doe, in an amount to be determined by a jury together with interest and costs.

## COUNT V

### RYAN TAVARES V. JOHN DOE
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

37. The Plaintiff, Ryan Tavares, reiterates the allegations set forth in paragraphs 1, 10-22 above.

38. The personal injuries sustained by the Plaintiff, Ryan Tavares, were due to no fault of his, but were caused by the unseaworthiness of the F/V JUSTICE.

39. As a result of said injuries, the Plaintiff, Ryan Tavares, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

40. This cause of action is brought under the General Maritime Law for unseaworthiness and is for the same cause of action as Count IV.

**WHEREFORE**, the Plaintiff, Ryan Tavares, demands judgment against the Defendant, John Doe, in an amount to be determined by a jury together with interest and costs.

## COUNT VI

### RYAN TAVARES V. JOHN DOE
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

41. The Plaintiff, Ryan Tavares, reiterates all of the allegations set forth in paragraphs 1, 10-22 above.

42. As a result of the personal injuries described in paragraph 19 above, the Plaintiff, Ryan Tavares, has incurred and will continue to incur expenses for his maintenance and cure.

**WHEREFORE**, the Plaintiff, Ryan Tavares, demands judgment against the Defendant, John Doe, in an amount to be determined by a jury for maintenance and cure, together with costs

and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**RAISED IN COUNTS I-VI**

        **Respectfully submitted for
the Plaintiff, RYAN TAVARES,
by his attorneys,**

        <u>/s/ Carolyn M. Latti</u>
        CAROLYN M. LATTI
        BBO 567394
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, MA 02109
        (617) 523-1000

Dated:  October 29, 2020